**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-10154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2012

Lyle W. Cayce
Clerk

DARREN WILLIAM HATHCOAT,

                Plaintiff-Appellant,

v.

DON COPELAND, Gray County Sheriff; SHELLY MCCARN,
Gray County Sheriff Office Administrator; LISA PARMEN,
Gray County Sheriff Office Assistant Administrator,

                Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-52

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darren William Hathcoat, Texas prisoner # 1630257, appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 civil rights complaint. We review the dismissal de novo, applying the standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10154

Hathcoat renews his allegation that the defendants violated his constitutional rights when they forced him to eat without utensils, using his bare hands, from May 2009 through March 2010. He contends that the district court erred in dismissing his lawsuit without first giving him the opportunity to amend the complaint and without holding an evidentiary hearing.

The district court determined that Hathcoat's claim failed under 42 U.S.C. § 1997e(e) because he sought recovery for mental anguish without any physical injury. Hathcoat makes no argument challenging the district court's determination, nor does he otherwise assert that he in fact suffered any physical injury. Further, while he complains about the failure to afford him an amended complaint or evidentiary hearing, he makes no allegation that he could have demonstrated a physical injury through an amended complaint or hearing. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Rule 28 of the Federal Rules of Appellate Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because Hathcoat has not challenged the district court's reason for dismissing his § 1983 action, he has abandoned the only issue before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the district court's judgment is AFFIRMED.

This court's affirmance of the district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Hathcoat is CAUTIONED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).